[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PETITION FOR APPEAL
The petitioner, Darren Therrien, pursuant to the provisions of Connecticut General Statutes § 46b-231(n) has appealed the decision of the Family Support Magistrate. On October 5, 2000 the respondent, petitioner on appeal was found in contempt for failure to pay child support and was further ordered to pay a lump sum of $2,000.00 on or before November 2, 2000.
The petitioner, in essence claims that the Family Support Magistrate made an arbitrary and/or capricious decision in abuse of his discretion by finding him in contempt and further ordering him to pay a lump sum payment of $2,000.00 on a date certain.
The court has reviewed the transcript and considered the oral argument submitted by the parties at a short calendar hearing. The credibility of witnesses is left to the discretion of the trier of fact. State v.Aponte, 249 Conn. 555 (1999). The Family Support Magistrate properly applied his discretion in considering that the petitioner wilfully failed to pay part or all of the weekly child support order and/or lump sum child support arrearage owed as of the date of the contempt hearing.
A further review of the transcript and financial status of the petitioner at the time of the hearing results in finding that the Magistrate erred in concluding that the petitioner had the ability to pay the lump sum arrearage payment of $2,000.00 on or before November 2, 2000. In contempt hearings before the Magistrate, the inability to pay an CT Page 14915 order is a defense to a charge of contempt. Mallory v. Mallory,207 Conn. 48, 57 (1988); Mays v. Mays, 193 Conn. 261, 264 (1984); Perryv. Perry, 222 Conn. 799 (1992). These cases also hold that the defendant (petitioner on appeal) bears the burden of proof on this issue. The Magistrate, in ordering a purged amount, has the duty to determine whether the petitioner had sustained his burden of proof regarding ability to pay.
Based upon the testimony of the petitioner and the court's further review of the file, the petitioner proved his inability to pay the purged amount. Failure to pay the purged amount subjects the petitioner to immediate incarceration on November 2, 2000 as previously stated by the Magistrate in the transcript.
The court hereby finds that the Magistrate abused his discretion by ordering the petitioner to pay an amount that he has no ability to pay on or before the purge date. Pursuant to the provisions of Connecticut General Statutes § 46b-231(n)(7), the court sustains the Family Support Magistrate's finding of contempt. However, as to the Magistrate's order of a purge amount of $2,000.00, on or before November 2, 2000 the court reverses said decision and remands the case to the Family Support Magistrate to conduct a hearing to determine an appropriate purge amount to be paid at an appropriate future date based on the ability of the defendant to pay.
James J. Devine, J.